UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM C. CARLETON,

                         **Plaintiff,**

    vs.                                           9:17-cv-0245
                                                    (MAD/TWD)
ANTHONY ANNUCCI, et al.,

                         **Defendant.**
_____

APPEARANCES:                             OF COUNSEL:

**WILLIAM. C. CARLETON**
13461 Allis Road
Albion, New York 14411
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **OMAR J. SIDDIQI, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff William C. Carleton commenced this action *pro se* under 42 U.S.C. § 1983 against Defendants Anthony Annucci, Commissioner of the New York State Department of Corrections and Community Supervission ("DOCCS"); Marcy Correctional Facility ("Marcy") Sergeant Leddick; Marcy Lieutenant Cook; and John/Jane Doe. *See* Dkt. No. 1. Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has failed to respond to the motion despite the Court's warning that failure to respond may result in the motion being granted. Magistrate Judge Thérèse Wiley Dancks granted Plaintiff an unsolicited extension of time and recommended that summary judgment be granted in favor of

Defendants for failure to exhaust administrative remedies, that all claims be dismissed with prejudice, and that the Court *sua sponte* dismiss the action against Defendant John Doe for the same reasons. For the following reasons, the Court adopts the Order and Report-Recommendation and grants summary judgment in Defendants' favor.

## II. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and

recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Here, Magistrate Judge Dancks provided Plaintiff notice that he was required to file any objections to the Order and Report-Recommendation, and specifically informed Plaintiff that failure to object to any portion of the report would preclude any right to appellate review. *See* Dkt. No. 12 at 19. Specifically, Magistrate Judge Dancks informed Plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a)." *See id.* Magistrate Judge Dancks clearly provided Plaintiff with sufficient notice of the consequences of failing to object to the Order and Report-Recommendation.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Because Plaintiff failed to object to the Order and Report-Recommendation, the Court reviews for clear error.

There is no question that "exhaustion [of administrative remedies] is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). New York has a well-established inmate grievance program that must be exhausted before a claim may be brought in federal court. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

Magistrate Judge Dancks found that Defendants Leddick and Cook satisfied their burden of showing that Plaintiff failed to exhaust administrative remedies on his Eighth Amendment claims. Defendants Leddick and Cook provided an affidavit from Erin Pfendler, the supervisor for the internal grievance program at Marcy, where they retain all grievance-related documents for four years. Pfendler conducted a search of the grievance files at Marcy and found nothing filed by Plaintiff against Leddick and Cook, or at Marcy at all. *See* Dkt. No. 30 at ¶¶ 1, 14. Plaintiff has further failed to submit any evidence to the contrary and has not shown that the internal grievance process was unavailable to him. The Court finds that Magistrate Judge Dancks made no clear error on these findings or on the legal conclusion that Plaintiff has failed to exhaust his administrative remedies.

Magistrate Judge Dancks likewise found that Plaintiff's claims under the ADA and Rehabilitation Act against Defendant Annucci are subject to dismissal for failure to exhaust. The declaration of Rachel Seguin, the Assistant Director of the DOCCS internal grievance program, states that she has no record of any appeals from facility-level grievances from Plaintiff during his entire incarceration. *See* Dkt. No. 29 at ¶¶ 1, 4. Therefore, Magistrate Judge Dancks committed no clear error by finding that Plaintiff failed to exhaust his administrative remedies for his claims under the ADA and Rehabilitation Act.

Magistrate Judge Dancks lastly found that Plaintiff's failure to exhaust is incurable because it is now past the deadline for bringing such a grievance through the internal grievance

4

program. Because Plaintiff failed to offer any evidence that he was unable to do so, the Court agrees that dismissal with prejudice is appropriate here.

### III. CONCLUSION

Upon careful consideration of Magistrate Judge Dancks' Order and Report-Recommendation, the applicable law, the record in this matter, and the parties' submissions, the Court finds that Magistrate Judge Dancks correctly recommended that the Court dismiss this action pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated above; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 4, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge